# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>DARIUS JERMAINE BLAKEMORE<br><br>*Defendant(s)* | )<br>)<br>) Case No. 1-16-mj-93<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 16, 2016__ in the county of __Hamilton__ in the __Eastern__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance; |
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possession of a firearm in furtherance of a drug trafficking crime; and |
| 18 U.S.C. § 922(g)(1) | Possession of a firearm as a convicted felon |

This criminal complaint is based on these facts:

See attached affidavit of Michael Thompson, DEA Task Force Officer

☑ Continued on the attached sheet.

_____ TFO
*Complainant's signature*

Michael Thompson, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __03/17/2016__

_____
*Judge's signature*

City and state: __Chattanooga, Tennessee__    Christopher H. Steger, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF Michael S. Thompson

Your Affiant, Michael S. Thompson, being duly sworn, deposes and states as follows:

1. I have been a Law Enforcement Officer since June of 1995. I have been assigned to the Hamilton County Sheriff's Office Narcotics and Special Operations Division since 2007. During that time my role changed from K-9 Officer to Detective. I am currently assigned as a Task Force Officer (TFO) with the Drug Enforcement Administration ("DEA") in Chattanooga, Tennessee. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. My present duties include the investigation of violations of federal law by individuals involved in the sale and distribution of controlled substances.

2. During my career, I have attended numerous police and narcotics investigation schools, including a week-long certification course in the conduct of wiretap investigations presented and approved by the Tennessee Bureau of Investigation. I have received training from the U.S. Attorney General, DEA, U.S. Department of Customs, Federal Bureau of Investigation, Tennessee Bureau of Investigation and various other federal, state and local law enforcement agencies as well as private agencies. These courses dealt with the identification, investigation, cultivation, transportation, manufacture, detection and prosecution of illegal drugs and their related activities. These courses have allowed me to keep abreast of drug enforcement efforts, case development, procedures and practices, general investigative measures and other standardized methods of investigation involving drug offenses. I have also developed knowledge of the equipment, tactics and techniques used in the production, consumption, sale and distribution of various narcotics.

3. As part of my duties, I have been involved in several investigations concerning the distribution of large quantities of controlled substances, including methamphetamine, "ICE" methamphetamine, cocaine, heroin, and prescription medications in the Eastern District of Tennessee. As part of my official duties, I have utilized most traditional law enforcement techniques, including visual surveillance, interviewing of witnesses, the execution of search warrants, the use of cooperating witnesses, the seizure of drug evidence, the controlled purchases of drug evidence, court authorized pen registers, court authorized interceptions of wire communications, the federal grand jury, and undercover techniques. I have debriefed numerous cooperating defendants and

confidential informants regarding the habits, practices, methods and general behavior of criminal groups engaged in organized criminal activity. I have personally participated in Title III wire intercept investigations, including investigations involving large scale drug trafficking organizations and drug traffickers. These investigations have resulted in the arrest of individuals who have smuggled, received, and/or distributed controlled substances, including heroin, methamphetamine, cocaine, and marijuana, as well as the seizure of controlled substances and the proceeds of the sale of these controlled substances.

4. This affidavit is submitted in support of a criminal complaint and arrest warrant for Darius Jermaine BLAKEMORE ("BLAKEMORE"). The information contained in this affidavit was derived from personal observations and relayed to me by other law enforcement officers.

5. Since February 2016 your Affiant has been involved in an ongoing investigation involving the distribution of heroin within the Eastern District of Tennessee. During this investigation, a black male only known as "TANK" was identified as a heroin source of supply. TANK was known to drive a recently purchased white BMW X5 Sports Utility Vehicle.

6. On March 16, 2016, law enforcement officers established surveillance at the Towne Place Suites located at 7010 McCutcheon Road, in Chattanooga, Tennessee. During the surveillance, your Affiant located a white BMW fitting the description of a vehicle previously identified during the investigation as being driven by TANK. During the surveillance your Affiant observed a Lexus vehicle pull in front of the white BMW. A black male and female, subsequently identified as BLAKEMORE and Ariel BAILEY ("BAILEY"), were observed exiting the Lexus and walking toward the white BMW. The black male fit the description of TANK which was given to your Affiant by a Source of Information (SOI). Surveillance was maintained on BLAKEMORE and BAILEY. BAILEY and BLAKEMORE were then observed driving in the Lexus to the Microtel Inn and Suites located at 7014 McCutcheon Road, in Chattanooga, Tennessee, where BLAKEMORE exited the Lexus and BAILEY left the area. Surveillance was maintained on BAILEY and a traffic stop was conducted on her vehicle at approximately 10:30 a.m. At that time, BAILEY stated she had left her boyfriend Darius BLAKEMORE, a.k.a. TANK, at the Microtel Inn and Suites.

7. BLAKEMORE was later observed leaving the Microtel with another person in a black Chevrolet Trailblazer. The Trailblazer pulled into the Dollar General located at 6518

Shallowford Road, in Chattanooga, Tennessee. At this time, a Hamilton County Deputy Sheriff assisting in the investigation initiated a traffic stop of the Trailblazer after observing a seatbelt violation. During the traffic stop, BLAKEMORE was identified as the front seat passenger. BLAKEMORE was removed from the vehicle and at that point an assault rifle fell out of the front passenger door on to the pavement. BLAKEMORE was then placed into custody. During a search of his person, BLAKEMORE was found to be in possession of a plastic knotted bag containing approximately 23.8 grams of suspected crack cocaine, a plastic knotted bag containing approximately 22.4 grams of suspected powder cocaine, and a plastic knotted bag containing approximately 3.9 grams of suspected heroin. The suspected powder cocaine and crack cocaine were both field tested and showed positive results for the presence of cocaine hydrochloride. The suspected heroin was not field tested due to officer safety reasons but based on my training and experience the substance is consistent with heroin. The weapon found during the traffic stop was a P-TAC/TAC 15 assault rifle bearing serial number 002101. The weapon had a chambered round and loaded magazine. I verified that the weapon qualifies as a firearm under federal law.

8. Based on my training and experience, possession of approximately 23.8 grams of crack cocaine is consistent with distribution and inconsistent with personal use, possession of approximately 22.4 grams of powder cocaine is consistent with distribution and inconsistent with personal use, and possession of approximately 3.9 grams of heroin is consistent with distribution and inconsistent with personal use.

9. BLAKEMORE was transported to the Chattanooga Resident Office and was advised of his Miranda rights, at which time he waived his Miranda rights and agreed to answer questions. During the interview, BLAKEMORE admitted to selling drugs since he was 9 years old. BLAKEMORE was asked how long he had been selling heroin and BLAKEMORE stated since January 2016. BLAKEMORE stated that the drugs found in his possession were his and related that it was 23 grams of crack, 17 grams of powder cocaine, and 3 grams of heroin. BLAKEMORE advised that he had two or three heroin customers.

10. BLAKEMORE stated that the gun was not his but advised the gun was in the floorboard of the Chevrolet Trailblazer when he got in. BLAKEMORE further stated that he picked it up and moved it. BLAKEMORE stated that he was a convicted felon and admitted to being a high ranking member of the Rolling 40 Crips street gang.

11. The white BMW was subsequently seized by law enforcement officers and during an inventory of the vehicle, a loaded Cobray 9mm, model M-11 semi-automatic handgun bearing serial number 85-0006892, and a loaded Bersa Thunder .380 caliber handgun bearing serial number 828309, were seized from the vehicle. I verified that both of these weapons qualify as firearms under federal law. Also seized from the vehicle was paperwork including a bill of sale for a 2006 BMW X5. The listed buyer was BLAKEMORE.

12. Your Affiant ran a criminal history check on BLAKEMORE, which revealed that on February 2, 2011 BLAKEMORE pled guilty and was sentenced to two (2) years imprisonment on reckless endangerment and firearm charges in Hamilton County, Tennessee. That is to say, BLAKEMORE has been convicted of a crime punishable by imprisonment for a term exceeding one year.

13. Based upon the foregoing, your Affiant respectfully submits that there is probable cause to believe that Darius Jermaine BLAKEMORE did commit the following offenses:

   a. Possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

   b. Possession with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C);

   c. Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and

   d. Possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

_____ TFO
MICHAEL THOMPSON/DEA Task Force Officer

Sworn to and subscribed before me
this 17th day of March 2016.

_____
Christopher H. Steger
United States Magistrate Judge